# EXHIBIT A

SUMMONS - CIRCUIT COURT 3101 (Rev. 12/20)

**STATE OF ILLINOIS**     **UNITED STATES OF AMERICA**     **COUNTY OF DU PAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

QUINTEL STALLWORTH
PLAINTIFF

vs

SMITH & WESSON BRANDS, INC.,
DEFENDANT

CASE NUMBER: 2022LA000038

DATE OF SERVICE: TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

# SUMMONS
## CIRCUIT COURT

File Stamp Here

[X] ORIGINAL   [ ] ALIAS

To each Defendant: SMITH & WESSON BRANDS INC. c/o Reg. Agent Solutions, 838 Walker Road 21-2, Dover, DE 19904

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

Name: Eugene Y. Turin    [ ] Pro Se
DuPage Attorney Number: 327349
Attorney for: Plaintiff
Address: McGuire Law, P.C., 55 W. Wacker Dr., 9th fl.
City/State/Zip: Chicago, IL 60601
Telephone Number: (312) 893-7002
Email: eturin@mcgpc.com

**WITNESS:**

CANDICE ADAMS, Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

1/14/2022 5:46 PM
Date

Candice Adams
Deputy Clerk   MP

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk to your circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your local clerk for more information or visit www.illinoislegalaid.org.

**NOTE:**
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a free waiver application.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

SUMMONS - CIRCUIT COURT                                                                 3101 (Rev. 12/20)

## SHERIFF'S FEES

Service and return .................................................................. $ _____

Miles _____ ................................................................ $ _____

    **Total** ............................................................................................. $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐   (a)   (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐   (b)   (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐   (c)   (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐   (d)   (Other service):

☐   (e)   (Unable to Serve):
By _____ , Deputy Badge Number: _____

---

Name of Defendant _____

Name of Person summons given to _____

Sex _____ Race _____ Approximate age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Special Process Server of _____

Name of Defendant _____

Name of Person summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Sheriff of _____ County

County Illinois License # _____

By _____

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS, LAW DIVISION

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 16271322
2022LA000038
FILEDATE: 1/12/2022 2:24 PM
Date Submitted: 1/12/2022 2:24 PM
Date Accepted: 1/12/2022 4:21 PM
JW

| | | |
|---|---|---|
| QUINTEL STALLWORTH, individually and on behalf of all similarly situated individuals, | ) ) ) ) | 2022LA000038 |
| | ) | No. |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. |
| SMITH & WESSON BRANDS, INC., a Nevada corporation, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Quintel Stallworth ("Plaintiff"), by and through his undersigned attorneys, brings this Class Action Complaint on behalf of himself and other similarly situated persons against Defendant Smith & Wesson Brands, Inc., ("S&W" or "Defendant") to seek redress for Defendant's manufacturing, marketing, distribution, and sale of its M&P 12 shotguns that were falsely advertised and warranted as fit for their ordinary purpose and free from defects, when in fact such shotguns were defectively designed, rendering them unreasonably dangerous and unfit for their intended use. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

### INTRODUCTION

1. Defendant S&W is one of the largest manufacturers, designers, distributors, and sellers of firearms in the world, including the M&P 12 shotguns at issue in this case.

2. The M&P 12 was first introduced in 2021 and is the first shotgun of its type to be offered in Defendant's M&P product line. The M&P 12 features a shortened "bullpup" design with

1

pump-action loading and two independent magazine tubes chambered for twelve (12) gauge shotgun shells.[1]

3. Defendant manufactured, distributed, and sold its M&P 12 shotguns to Plaintiff and other members of the putative class. In connection with the manufacturing, distributing, and selling of its firearms, including the M&P 12 shotguns purchased by Plaintiff and other members of the putative class, Defendant advertises and warrants that "Smith & Wesson firearms are warranted to be free from defects in material and workmanship" and are specifically manufactured and designed as fit for the purpose of a reliable firearm.[2]

4. Critically, however, Defendant's M&P 12 shotguns contain a design defect causing their barrels to crack, putting M&P 12 gun users, including Plaintiff and other members of the putative class, at serious risk of injury, or even death, and thus, rendering Defendant's M&P 12 shotguns unreasonably dangerous and unfit for their intended use.

5. Consequently, on October 18, 2021, after Defendant received two field reports of cracked barrels, with at least one resulting in severe injuries, S&W issued a voluntary recall of all of its M&P 12 shotguns.

6. Despite the potentially fatal injuries that can result from Defendant's design defect, Defendant is merely offering to repair users' M&P 12 shotguns, with no option to receive a refund.

---

[1] SMITH & WESTON, Press Release, *Smith & Wesson Launches New M&P 12 Shotgun – New M&P12 Shotgun Delivers Innovation, Capacity in a Compact Package* (Aug. 17, 2021), https://snwcdnprod.azureedge.net/sites/default/files/press-release/PR_2021MP12_Final.pdf (last visited Jan 5, 2022).

[2] SMITH & WESTON, *Smith & Wesson Warranty*, https://www.smith-wesson.com/customer-service/warranty (last visited Jan 3, 2022).

2

7. Nor, as evidenced by Plaintiff's own experience, has Defendant undertaken efforts to notify all purchasers of its M&P 12 shotguns of the recall and the potential risk to health and safety that purchasers face by continuing to use them.

### PARTIES

8. At all relevant times, Plaintiff Quintel Stallworth has been a resident and a citizen of the state of Illinois.

9. Defendant Smith & Wesson Brands, Inc is a Nevada corporation with its headquarters located in Springfield, Massachusetts. Defendant conducts substantial business and markets, distributes, and sells firearms, including the M&P 12 shotguns at issue in this case, throughout the state of Illinois, including in DuPage County.

### JURISDICTION AND VENUE

10. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant advertised, distributed, and sold its M&P 12 shotguns in this state.

11. Venue is proper in DuPage County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in DuPage County and thus resides there under § 2-102, and because the transaction out of which this cause of action arose occurred in DuPage County.

### COMMON FACTUAL ALLEGATIONS

12. At all times relevant hereto, Defendant designed, manufactured, distributed, and sold the defective M&P 12 shotguns throughout the United States, including throughout Illinois.

13. According to a press release by Defendant, the introduction of its M&P 12 shotguns was one of the most widely viewed and successful launches, tallying over 3 million consumer impressions and 300,000 consumer engagements on social media.

14. Further, Defendant's website states that the M&P 12 shotgun is designed for "home protection" and is "a blast to shoot at the range." Promotional videos describe the shotgun as "built for serious protection[.]"

15. However, contrary to Defendant's advertising and marketing, its M&P 12 shotguns contain a dangerous defect that results in barrel failure, rendering the shotguns unreasonably dangerous for use.

16. Defendant has received at least two field reports of cracked barrels. A cracked barrel is one of the most dangerous things that can happen to a gun as the barrel is designed to contain the extreme explosive forces that propel the shell contents forward. A cracked barrel thus can result in severe injury or even death to the individual firing the firearm, as well as those in close proximity, as the cracked barrel may explode outward, including back towards the head of the user, sending metal pieces flying in various directions. It is axiomatic that a gun with a cracked barrel should never be fired.

17. At all relevant times, Defendant knew that the defective shotguns would be used for its intended purpose of being a reliable firearm to shoot ammunition in a variety of circumstances. As noted above, the M&P 12 shotgun was advertised for use in home protection and target practice at the range.

18. On October 18, 2021, Defendant issued a voluntary recall for all M&P 12 shotguns manufactured prior to October 15, 2021 after receiving at least two field reports of barrel failure.

19. While Defendant's recall gives consumers the opportunity to send in their shotguns

for a cost-free inspection, it does not give the consumers an option to be refunded the purchase price of the shotgun. Nor does the recall notice explain what caused the cracked barrel defect in the firearms or provide reassurances that any firearms returned after inspection will not suffer from the safe defect.

20. The free inspection offered in the recall is an insufficient remedy for most consumers, as most consumers do not trust that an inspection can cure the potential problem. The risk associated with a cracked barrel is too great to rely on the assurances of a manufacturer who has already produced an unsafe gun.

21. The recall effort has also been inadequate. Defendant failed to communicate directly with the purchasers of the M&P 12 shotgun through its own records of purchasers or the records of its authorized retailers, placing the burden of discovering the defect on the consumer to discover it through their website or press releases. Given the potentially deadly risk involved, mere public announcements are grossly insufficient notice of the potential dangers to alert all consumers.

22. The delay in notification leaves an entire class of consumers, including Plaintiff, unaware of the dangerous defect that their shotgun contains and puts Plaintiff and other members of the putative class at serious risk of injury, or even death.

## FACTS SPECIFIC TO PLAINTIFF

23. Plaintiff Stallworth purchased Defendant's M&P 12 shotgun in the summer of 2021 for approximately $1,185.00 at North American Firearms, a licensed firearm distributor, located in Lombard, Illinois..

24. Plaintiff was never informed about the recall and that his M&P 12 shotgun had a serious defect.

5

25. In addition, Plaintiff has experienced other issues with his M&P 12 shotgun, including a constant binding of the pump-action mechanism that has required Plaintiff to apply significant amounts of lubricant to properly operate.

26. Plaintiff has not been offered a monetary refund for his M&P 12 shotgun and Plaintiff would not have purchased the firearm had he known that it suffered from a defect that could cause it to fail as well as serious bodily harm.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-80 I. Plaintiff seeks to represent a Class and subclass defined as follows:

> (i) The Class: All Persons in the United States who purchased a M&P 12 Shotgun manufactured prior to October 15, 2021.
>
> (ii) The Illinois Subclass: All persons who purchased a M&P 12 Shotgun prior to October 15, 2021, in the state of Illinois.

28. Excluded from the Class are Defendant and its affiliates, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

29. There are thousands of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is currently unknown to Plaintiff, the members can be easily identified through Defendant's records, the records of the retailers who sold Defendant's firearms, and/or state firearm licensing records.

30. Plaintiff's claims are typical of the claims of the Class and Subclass he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class and Subclass is

6

substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class and Subclass.

31. There are many questions of law and fact common to the claims of Plaintiff and the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

- a. Whether the M&P 12 shotguns are dangerously defective

- b. Whether the M&P 12 shotguns subject to the recall met the Defendant's express or implied warranties;

- c. Whether the M&P 12 shotguns subject to the recall were fit for their intended purpose;

- d. Whether the M&P 12 shotguns subject to the recall were merchantable at the time of sale;

- e. Whether Defendant has been unjustly enriched by its conduct;

- f. Whether Defendant internal testing revealed a design defect in the M&P 12 Shotguns which makes it likely that the shotguns will have a cracked barrel;

- g. Whether Defendant's relief offered in the form of an inspection is an adequate remedy for the M&P 12 shotguns;

- h. Whether Defendant made fraudulent, false, deceptive, and/or misleading statements in connection with the manufacturing, testing, marketing, distribution and/or sale of the M&P 12 shotguns;

- i. Whether Defendant knew or should have known that the M&P 12 shotguns subject to the recall contained a design defect prior to their sale;

- j. Whether Defendant's conduct violates public policy; and

- k. Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitution, and/or injunctive relief or other remedies, and if so, the nature of such remedies.

7

32. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

33. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

34. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class and Subclass Members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

## COUNT I
### For Violations of Consumer Protection Laws
### (On behalf of Plaintiff and the Class and Subclass)

35. Plaintiff hereby incorporates the foregoing allegations by reference as though fully set forth herein.

36. Plaintiff brings this claim individually and on behalf of the other members of the Class and Subclass against Defendant.

37. Plaintiff and the other Class and Subclass members are "consumers" or "persons," as defined under the ICFA and other states' consumer protection laws.

38. Defendant's conduct as alleged herein occurred in the course of trade or commerce.

39. Defendant represented that its M&P 12 shotguns could function as advertised and for their ordinary purpose of use, free from defect. However, Defendant's M&P 12 shotguns in fact contained a dangerous defect that resulted in the firearms having a cracked barrel.

40. Nonetheless, Defendant's conduct in failing to inform consumers about the defect that may cause serious bodily injury and failing to provide a monetary refund for purchasers of its M&P 12 shotguns offends public policy, has caused and continues to cause substantial injury to consumers and constitutes an unfair and deceptive trade practice.

41. Defendant intended for consumers to rely on its representations and omissions regarding its M&P 12 Shotguns when choosing to purchase them, and Plaintiff and the other members of the Class and Subclass did rely on such representations and omissions to make an informed decision as to whether to purchase the products.

42. Plaintiff and other members of the Class and Subclass would not have purchased Defendant's M&P 12 shotguns, or would have paid materially less for them, had they known that they suffered from a significant defect that made them unsafe to use and that Defendant would fail to notify them of the defect or offer a full refund for their purchase.

43. As a direct and proximate cause of Defendant's unlawful practices, Plaintiff and the other members of the Class and Subclass suffered actual damages, including monetary losses for the purchase price of Defendant's M&P 12 shotguns which they purchased.

44. Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting

Defendant's unfair and deceptive practices going forward, and any other penalties or awards that may be appropriate under applicable law.

## COUNT II
### Breach of Implied Warranty of Merchantability
### (On behalf of Plaintiff and the Class and Subclass)

45. Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

46. Defendant, as the designer, manufacturer, distributor, and/or seller, impliedly warranted that the M&P 12 shotguns were merchantable with respect to goods of that kind.

47. Defendant breached the warranty implied in the contract for the sale of the M&P 12 shotguns because they could not pass without objection in the trade because they were not fit for their ordinary purpose of being a safe and reliable firearm. As a result, Plaintiff and the other Class and Subclass members did not receive the goods as impliedly warranted by Defendant to be merchantable.

48. Plaintiff and the other Class and Subclass members purchased the M&P 12 shotguns in reliance on Defendant's implied warranty of merchantability that they could be used for their ordinary purpose as firearms.

49. The M&P 12 shotguns purchased by Plaintiff and the other members of the Class and Subclass were not altered by Plaintiff and the other Class and Subclass members in a manner that would cause cracks in the barrel.

50. The M&P 12 shotguns purchased by Plaintiff and the other Class and Subclass members were defective when they left the exclusive control of Defendant. Defendant knew that the M&P 12 shotguns would be purchased and used without additional testing by Plaintiff and the other Class and Subclass members.

51. The M&P 12 shotguns purchased by Plaintiff and the other Class and Subclass members were defectively designed and unfit for their intended purpose, and Plaintiff and the other Class and Subclass members did not receive the goods as warranted.

52. Defendant has received direct notice of the defect in its M&P 12 shotguns as evidenced by the field reports that triggered Defendant's recall efforts.

53. Nonetheless, Defendant has failed to take steps to notify owners of the M&P 12 shotguns of the defect and to offer a refund for their purchases of the defective firearms.

54. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and the other Class and Subclass members have been injured and harmed because they would not have purchased Defendant's M&P 12 shotguns had they known that they were not fit for use for their ordinary purpose.

## COUNT III
### Unjust Enrichment
### (On behalf of Plaintiff and the Class and Subclass)

55. Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

56. Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing its M&P 12 shotguns.

57. It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other members of the Class and Subclass' purchases of Defendant's M&P 12 shotguns because Defendant misrepresented the functionality, qualities, and benefits of its products and Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's products had Defendant not made these misrepresentations.

58. Accordingly, because Defendant will be unjustly enriched if it is allowed to

retain such funds, Defendant must pay restitution to Plaintiff and the other members of the Class and Subclass in the amount which Defendant was unjustly enriched by each of their purchases of Defendant's M&P12 shotguns.

## COUNT IV
### Negligence
### (One behalf of Plaintiff and the Class and Subclass)

59. Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

60. Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of its M&P 12 shotguns.

61. Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising and selling to Plaintiff and the Class a firearm that is defective and can cause serious injury and even death through its barrel cracking.

62. Defendant knew or should have known that the M&P 12 shotguns that it manufactured and sold were defective and had the propensity for barrel failure.

63. As a direct and proximate cause of Defendant's negligence, Plaintiff and the other Class and Subclass members have suffered actual damages in that they purchased a shotgun that is defective and that prone to barrel failure. This defect has rendered the shotgun valueless and has caused economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass set forth above, respectfully requests the Court order relief and enter judgement against Defendant:

A. Certifying the Class and Subclass identified above and appointing Plaintiff as Class representative and the undersigned counsel as Class counsel;

B. Awarding Plaintiff and the Class and Subclass appropriate relief, including actual, statutory, compensatory, treble, and/or punitive damages;

C. Requiring Defendant to pay Plaintiff's and the Class members' reasonable attorneys' fees, expenses, and costs; and

D. Any such further relief as this Court deems reasonable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 12, 2022

Respectfully submitted:
QUINTEL STALLWORTH, individually and on behalf of a class of similarly situated individuals

By: /s/ *Eugene Y. Turin*
   *One of Plaintiff's Attorneys*

Eugene Y. Turin
Chandne Jawanda
Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cjawanda@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

DEMAND FOR A JURY TRIAL | 2123 (Rev. 12/20)

**STATE OF ILLINOIS** — **UNITED STATES OF AMERICA** — **COUNTY OF DU PAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

QUINTEL STALLWORTH

PLAINTIFF / PETITIONER

vs

SMITH & WESSON BRANDS, Inc., a Nevada Corporation

DEFENDANT / RESPONDENT

**2022LA000038**

CASE NUMBER

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 16271322
2022LA000038
FILEDATE: 1/12/2022 2:24 PM
Date Submitted: 1/12/2022 2:24 PM
Date Accepted: 1/12/2022 4:21 PM
jw

File Stamp Here

## JURY DEMAND

TO: **CANDICE ADAMS**, Clerk of the Eighteenth Judicial Circuit Court

The [X] Plaintiff/Petitioner [ ] Defendant/Respondent in the above entitled cause demands a jury for the trial of said cause.

This matter should be tried by a  [ ] jury of six
                                  [X] jury of twelve

_____
Quintel Stallworth
Plaintiff/Petitioner

_____
Defendant/Respondent

_____
Eugene Y. Turin
Their Attorney

Name: Eugene Y. Turin  [ ] Pro Se
DuPage Attorney Number: 327349
Attorney for: Plaintiff
Address: 55 W. Wacker Dr., 9th Fl.
City/State/Zip: Chicago, IL 60601
Telephone Number: (312) 893-7002
Email: eturin@mcgpc.com

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60187-0707**