# EXHIBIT C

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT** COUNTY OF DU PAGE

QUINTEL STALLWORTH

PLAINTIFF

vs

SMITH & WESSON BRANDS, INC.,

DEFENDANT

**2022LA000038**

**CASE NUMBER**

**DATE OF SERVICE**

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

**SUMMONS**
**CIRCUIT COURT**

File Stamp Here

[X] ORIGINAL  [ ] ALIAS

To each Defendant: SMITH & WESSON BRANDS INC. c/o Reg. Agent Solutions, 838 Walker Road 21-2, Dover, DE 19904

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

    If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**To the Officer**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than thirty (30) days after its date.

**WITNESS:**

Name: Eugene Y. Turin     [ ] Pro Se

DuPage Attorney Number: 327349

Attorney for: Plaintiff

Address: McGuire Law, P.C., 55 W. Wacker Dr., 9th fl.

City/State/Zip: Chicago, IL 60601

Telephone Number: (312) 893-7002

Email: eturin@mcgpc.com

**CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

1/14/2022 5:46 PM

Date

Deputy Clerk    MP

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk to your circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your local clerk for more information or visit www.illinoislegalaid.org.

**NOTE:**

The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a free waiver application.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association Lawyer Referral Service at 630-653-9109.

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

## SHERIFF'S FEES

Service and return ........................................................................ $ _____

Miles _____ ........................................................ $ _____

**Total** ........................................................................................ $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐ (a) (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐ (b) (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐ (c) (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐ (d) (Other service):

☐ (e) (Unable to Serve):
By _____ , Deputy Badge Number: _____

Name of Defendant_____

Name of Person
summons given to _____

Sex_____ Race_____ Approximate age_____

Place of service_____

City , State _____

Date of service _____ Time_____

Date of Mailing_____

Special Process Server of  ·  _____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Sheriff of _____ County

County Illinois License #_____

By _____

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS, LAW DIVISION

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 16271322
2022LA000038
FILEDATE: 1/12/2022 2:24 PM
Date Submitted: 1/12/2022 2:24 PM
Date Accepted: 1/12/2022 4:21 PM
JW

| | | |
|---|---|---|
| QUINTEL STALLWORTH, individually and on behalf of all similarly situated individuals, | ) ) ) | 2022LA000038 |
| | ) | No. |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. |
| SMITH & WESSON BRANDS, INC., a Nevada corporation, | ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) ) | |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Quintel Stallworth ("Plaintiff"), by and through his undersigned attorneys, brings this Class Action Complaint on behalf of himself and other similarly situated persons against Defendant Smith & Wesson Brands, Inc., ("S&W" or "Defendant") to seek redress for Defendant's manufacturing, marketing, distribution, and sale of its M&P 12 shotguns that were falsely advertised and warranted as fit for their ordinary purpose and free from defects, when in fact such shotguns were defectively designed, rendering them unreasonably dangerous and unfit for their intended use. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

### INTRODUCTION

1.     Defendant S&W is one of the largest manufacturers, designers, distributors, and sellers of firearms in the world, including the M&P 12 shotguns at issue in this case.

2.     The M&P 12 was first introduced in 2021 and is the first shotgun of its type to be offered in Defendant's M&P product line. The M&P 12 features a shortened "bullpup" design with

pump-action loading and two independent magazine tubes chambered for twelve (12) gauge shotgun shells.[1]

3.     Defendant manufactured, distributed, and sold its M&P 12 shotguns to Plaintiff and other members of the putative class. In connection with the manufacturing, distributing, and selling of its firearms, including the M&P 12 shotguns purchased by Plaintiff and other members of the putative class, Defendant advertises and warrants that "Smith & Wesson firearms are warranted to be free from defects in material and workmanship" and are specifically manufactured and designed as fit for the purpose of a reliable firearm.[2]

4.     Critically, however, Defendant's M&P 12 shotguns contain a design defect causing their barrels to crack, putting M&P 12 gun users, including Plaintiff and other members of the putative class, at serious risk of injury, or even death, and thus, rendering Defendant's M&P 12 shotguns unreasonably dangerous and unfit for their intended use.

5.     Consequently, on October 18, 2021, after Defendant received two field reports of cracked barrels, with at least one resulting in severe injuries, S&W issued a voluntary recall of all of its M&P 12 shotguns.

6.     Despite the potentially fatal injuries that can result from Defendant's design defect, Defendant is merely offering to repair users' M&P 12 shotguns, with no option to receive a refund.

---

[1] SMITH & WESTON, Press Release, *Smith & Wesson Launches New M&P 12 Shotgun – New M&P12 Shotgun Delivers Innovation, Capacity in a Compact Package* (Aug. 17, 2021), https://snwcdnprod.azureedge.net/sites/default/files/press-release/PR_2021MP12_Final.pdf (last visited Jan 5, 2022).
[2] SMITH & WESTON, *Smith & Wesson Warranty*, https://www.smith-wesson.com/customer-service/warranty (last visited Jan 3, 2022).

7.     Nor, as evidenced by Plaintiff's own experience, has Defendant undertaken efforts to notify all purchasers of its M&P 12 shotguns of the recall and the potential risk to health and safety that purchasers face by continuing to use them.

## PARTIES

8.     At all relevant times, Plaintiff Quintel Stallworth has been a resident and a citizen of the state of Illinois.

9.     Defendant Smith & Wesson Brands, Inc is a Nevada corporation with its headquarters located in Springfield, Massachusetts. Defendant conducts substantial business and markets, distributes, and sells firearms, including the M&P 12 shotguns at issue in this case, throughout the state of Illinois, including in DuPage County.

## JURISDICTION AND VENUE

10.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant advertised, distributed, and sold its M&P 12 shotguns in this state.

11.     Venue is proper in DuPage County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in DuPage County and thus resides there under § 2-102, and because the transaction out of which this cause of action arose occurred in DuPage County.

## COMMON FACTUAL ALLEGATIONS

12.     At all times relevant hereto, Defendant designed, manufactured, distributed, and sold the defective M&P 12 shotguns throughout the United States, including throughout Illinois.

13. According to a press release by Defendant, the introduction of its M&P 12 shotguns was one of the most widely viewed and successful launches, tallying over 3 million consumer impressions and 300,000 consumer engagements on social media.

14. Further, Defendant's website states that the M&P 12 shotgun is designed for "home protection" and is "a blast to shoot at the range." Promotional videos describe the shotgun as "built for serious protection[.]"

15. However, contrary to Defendant's advertising and marketing, its M&P 12 shotguns contain a dangerous defect that results in barrel failure, rendering the shotguns unreasonably dangerous for use.

16. Defendant has received at least two field reports of cracked barrels. A cracked barrel is one of the most dangerous things that can happen to a gun as the barrel is designed to contain the extreme explosive forces that propel the shell contents forward. A cracked barrel thus can result in severe injury or even death to the individual firing the firearm, as well as those in close proximity, as the cracked barrel may explode outward, including back towards the head of the user, sending metal pieces flying in various directions. It is axiomatic that a gun with a cracked barrel should never be fired.

17. At all relevant times, Defendant knew that the defective shotguns would be used for its intended purpose of being a reliable firearm to shoot ammunition in a variety of circumstances. As noted above, the M&P 12 shotgun was advertised for use in home protection and target practice at the range.

18. On October 18, 2021, Defendant issued a voluntary recall for all M&P 12 shotguns manufactured prior to October 15, 2021 after receiving at least two field reports of barrel failure.

19. While Defendant's recall gives consumers the opportunity to send in their shotguns

4

for a cost-free inspection, it does not give the consumers an option to be refunded the purchase price of the shotgun. Nor does the recall notice explain what caused the cracked barrel defect in the firearms or provide reassurances that any firearms returned after inspection will not suffer from the safe defect.

20.     The free inspection offered in the recall is an insufficient remedy for most consumers, as most consumers do not trust that an inspection can cure the potential problem. The risk associated with a cracked barrel is too great to rely on the assurances of a manufacturer who has already produced an unsafe gun.

21.     The recall effort has also been inadequate. Defendant failed to communicate directly with the purchasers of the M&P 12 shotgun through its own records of purchasers or the records of its authorized retailers, placing the burden of discovering the defect on the consumer to discover it through their website or press releases. Given the potentially deadly risk involved, mere public announcements are grossly insufficient notice of the potential dangers to alert all consumers.

22.     The delay in notification leaves an entire class of consumers, including Plaintiff, unaware of the dangerous defect that their shotgun contains and puts Plaintiff and other members of the putative class at serious risk of injury, or even death.

<u>**FACTS SPECIFIC TO PLAINTIFF**</u>

23.     Plaintiff Stallworth purchased Defendant's M&P 12 shotgun in the summer of 2021 for approximately $1,185.00 at North American Firearms, a licensed firearm distributor, located in Lombard, Illinois..

24.     Plaintiff was never informed about the recall and that his M&P 12 shotgun had a serious defect.

25.     In addition, Plaintiff has experienced other issues with his M&P 12 shotgun, including a constant binding of the pump-action mechanism that has required Plaintiff to apply significant amounts of lubricant to properly operate.

26.     Plaintiff has not been offered a monetary refund for his M&P 12 shotgun and Plaintiff would not have purchased the firearm had he known that it suffered from a defect that could cause it to fail as well as serious bodily harm.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-80 I. Plaintiff seeks to represent a Class and subclass defined as follows:

> (i) The Class: All Persons in the United States who purchased a M&P 12 Shotgun manufactured prior to October 15, 2021.

> (ii) The Illinois Subclass: All persons who purchased a M&P 12 Shotgun prior to October 15, 2021, in the state of Illinois.

28.     Excluded from the Class are Defendant and its affiliates, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

29.     There are thousands of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is currently unknown to Plaintiff, the members can be easily identified through Defendant's records, the records of the retailers who sold Defendant's firearms, and/or state firearm licensing records.

30.     Plaintiff's claims are typical of the claims of the Class and Subclass he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class and Subclass is

substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class and Subclass.

31.　　There are many questions of law and fact common to the claims of Plaintiff and the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

a.　Whether the M&P 12 shotguns are dangerously defective

b.　Whether the M&P 12 shotguns subject to the recall met the Defendant's express or implied warranties;

c.　Whether the M&P 12 shotguns subject to the recall were fit for their intended purpose;

d.　Whether the M&P 12 shotguns subject to the recall were merchantable at the time of sale;

e.　Whether Defendant has been unjustly enriched by its conduct;

f.　Whether Defendant internal testing revealed a design defect in the M&P 12 Shotguns which makes it likely that the shotguns will have a cracked barrel;

g.　Whether Defendant's relief offered in the form of an inspection is an adequate remedy for the M&P 12 shotguns;

h.　Whether Defendant made fraudulent, false, deceptive, and/or misleading statements in connection with the manufacturing, testing, marketing, distribution and/or sale of the M&P 12 shotguns;

i.　Whether Defendant knew or should have known that the M&P 12 shotguns subject to the recall contained a design defect prior to their sale;

j.　Whether Defendant's conduct violates public policy; and

k.　Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitution, and/or injunctive relief or other remedies, and if so, the nature of such remedies.

32.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

33.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

34.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class and Subclass Members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

## COUNT I
### For Violations of Consumer Protection Laws
### (On behalf of Plaintiff and the Class and Subclass)

35.     Plaintiff hereby incorporates the foregoing allegations by reference as though fully set forth herein.

36.     Plaintiff brings this claim individually and on behalf of the other members of the Class and Subclass against Defendant.

37.     Plaintiff and the other Class and Subclass members are "consumers" or "persons," as defined under the ICFA and other states' consumer protection laws.

38.     Defendant's conduct as alleged herein occurred in the course of trade or commerce.

39.     Defendant represented that its M&P 12 shotguns could function as advertised and for their ordinary purpose of use, free from defect. However, Defendant's M&P 12 shotguns in fact contained a dangerous defect that resulted in the firearms having a cracked barrel.

40.     Nonetheless, Defendant's conduct in failing to inform consumers about the defect that may cause serious bodily injury and failing to provide a monetary refund for purchasers of its M&P 12 shotguns offends public policy, has caused and continues to cause substantial injury to consumers and constitutes an unfair and deceptive trade practice.

41.     Defendant intended for consumers to rely on its representations and omissions regarding its M&P 12 Shotguns when choosing to purchase them, and Plaintiff and the other members of the Class and Subclass did rely on such representations and omissions to make an informed decision as to whether to purchase the products.

42.     Plaintiff and other members of the Class and Subclass would not have purchased Defendant's M&P 12 shotguns, or would have paid materially less for them, had they known that they suffered from a significant defect that made them unsafe to use and that Defendant would fail to notify them of the defect or offer a full refund for their purchase.

43.     As a direct and proximate cause of Defendant's unlawful practices, Plaintiff and the other members of the Class and Subclass suffered actual damages, including monetary losses for the purchase price of Defendant's M&P 12 shotguns which they purchased.

44.     Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting

Defendant's unfair and deceptive practices going forward, and any other penalties or awards that may be appropriate under applicable law.

**COUNT II**
**Breach of Implied Warranty of Merchantability**
**(On behalf of Plaintiff and the Class and Subclass)**

45.    Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

46.    Defendant, as the designer, manufacturer, distributor, and/or seller, impliedly warranted that the M&P 12 shotguns were merchantable with respect to goods of that kind.

47.    Defendant breached the warranty implied in the contract for the sale of the M&P 12 shotguns because they could not pass without objection in the trade because they were not fit for their ordinary purpose of being a safe and reliable firearm. As a result, Plaintiff and the other Class and Subclass members did not receive the goods as impliedly warranted by Defendant to be merchantable.

48.    Plaintiff and the other Class and Subclass members purchased the M&P 12 shotguns in reliance on Defendant's implied warranty of merchantability that they could be used for their ordinary purpose as firearms.

49.    The M&P 12 shotguns purchased by Plaintiff and the other members of the Class and Subclass were not altered by Plaintiff and the other Class and Subclass members in a manner that would cause cracks in the barrel.

50.    The M&P 12 shotguns purchased by Plaintiff and the other Class and Subclass members were defective when they left the exclusive control of Defendant. Defendant knew that the M&P 12 shotguns would be purchased and used without additional testing by Plaintiff and the other Class and Subclass members.

51.     The M&P 12 shotguns purchased by Plaintiff and the other Class and Subclass members were defectively designed and unfit for their intended purpose, and Plaintiff and the other Class and Subclass members did not receive the goods as warranted.

52.     Defendant has received direct notice of the defect in its M&P 12 shotguns as evidenced by the field reports that triggered Defendant's recall efforts.

53.     Nonetheless, Defendant has failed to take steps to notify owners of the M&P 12 shotguns of the defect and to offer a refund for their purchases of the defective firearms.

54.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and the other Class and Subclass members have been injured and harmed because they would not have purchased Defendant's M&P 12 shotguns had they known that they were not fit for use for their ordinary purpose.

<u>**COUNT III**</u>
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class and Subclass)**

55.     Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

56.     Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing its M&P 12 shotguns.

57.     It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other members of the Class and Subclass' purchases of Defendant's M&P 12 shotguns because Defendant misrepresented the functionality, qualities, and benefits of its products and Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's products had Defendant not made these misrepresentations.

58.     Accordingly, because Defendant will be unjustly enriched if it is allowed to

11

retain such funds, Defendant must pay restitution to Plaintiff and the other members of the Class and Subclass in the amount which Defendant was unjustly enriched by each of their purchases of Defendant's M&P12 shotguns.

**COUNT IV**
**Negligence**
**(One behalf of Plaintiff and the Class and Subclass)**

59.    Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

60.    Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of its M&P 12 shotguns.

61.    Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising and selling to Plaintiff and the Class a firearm that is defective and can cause serious injury and even death through its barrel cracking.

62.    Defendant knew or should have known that the M&P 12 shotguns that it manufactured and sold were defective and had the propensity for barrel failure.

63.    As a direct and proximate cause of Defendant's negligence, Plaintiff and the other Class and Subclass members have suffered actual damages in that they purchased a shotgun that is defective and that prone to barrel failure. This defect has rendered the shotgun valueless and has caused economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass set forth above, respectfully requests the Court order relief and enter judgement against Defendant:

A.    Certifying the Class and Subclass identified above and appointing Plaintiff as Class representative and the undersigned counsel as Class counsel;

B.  Awarding Plaintiff and the Class and Subclass appropriate relief, including actual, statutory, compensatory, treble, and/or punitive damages;

C.  Requiring Defendant to pay Plaintiff's and the Class members' reasonable attorneys' fees, expenses, and costs; and

D.  Any such further relief as this Court deems reasonable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 12, 2022

Respectfully submitted:
QUINTEL STALLWORTH, individually
and on behalf of a class of similarly situated
individuals

By: /s/ *Eugene Y. Turin*
        *One of Plaintiff's Attorneys*

Eugene Y. Turin
Chandne Jawanda
Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cjawanda@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

QUINTEL STALLWORTH

PLAINTIFF / PETITIONER

vs

SMITH & WESSON BRANDS, Inc., a
Nevada Corporation

DEFENDANT / RESPONDENT

## 2022LA000038

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 16271322
2022LA000038
FILEDATE: 1/12/2022 2:24 PM
Date Submitted: 1/12/2022 2:24 PM
Date Accepted: 1/12/2022 4:21 PM
JW

File Stamp Here

## JURY DEMAND

TO: **CANDICE ADAMS**, Clerk of the Eighteenth Judicial Circuit Court

The ☒ Plaintiff/Petitioner        in the above entitled cause demands a jury for the trial of said cause.
☐ Defendant/Respondent

This matter should be tried by a ☐ jury of six
☒ jury of twelve

_____
Quintel Stallworth
Plaintiff/Petitioner

_____
Defendant/Respondent

_____
Eugene Y. Turin
Their Attorney

Name: __Eugene Y. Turin__          ☐ Pro Se
DuPage Attorney Number: __327349__
Attorney for: __Plaintiff__
Address: __55 W. Wacker Dr., 9th Fl.__
City/State/Zip: __Chicago, IL 60601__
Telephone Number: __(312) 893-7002__
Email: __eturin@mcgpc.com__

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60187-0707**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 16314423
2022LA000038
FILEDATE: 1/14/2022 5:46 PM
Date Submitted: 1/14/2022 5:46 PM
Date Accepted: 1/18/2022 8:58 AM
MP

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS, LAW DIVISION

| | | |
|---|---|---|
| QUINTEL STALLWORTH, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 2022LA000038 |
| v. | ) ) ) | Hon. David E. Schwartz |
| SMITH & WESSON BRANDS, INC., a Nevada corporation, | ) ) ) | |
| *Defendant.* | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Quintel Stallworth, by and through his undersigned counsel, and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class and Subclass proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: January 14, 2022

Respectfully Submitted,

QUINTEL STALLWORTH, individually and on behalf of similarly situated individuals

By: /s/ Eugene Y. Turin
*One of Plaintiff's Attorneys*

1

Eugene Y. Turin
Chandne Jawanda
Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cjawanda@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

## I.    INTRODUCTION

Plaintiff moves for certification of a class of all persons in the United States who purchased an M&P 12 shotgun manufactured by Defendant prior to October 15, 2021. (the "Class").

Additionally, this Court should certify an Illinois-only subclass (the "Subclass") defined as all persons who purchased an M&P 12 shotgun manufactured by Defendant prior to October 15, 2021, in the state of Illinois.

Defendant Smith & Wesson Brands, Inc., ("S&W" or "Defendant") is one of the largest manufacturers, designers, distributors, and sellers of firearms in the world, including the M&P 12 shotguns at issue in this case. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a Class and Subclass of similarly situated individuals asserting claims against Defendant under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* ("ICFA") and other materially identical state consumer protection laws, breach of implied warranty, unjust enrichment, negligence and seeking an award of actual and compensatory damages; injunctive relief prohibiting Defendant's unfair and deceptive advertising practices; an award of reasonable attorneys' fees and costs; and such further and other relief the court deems reasonable and just.

## II.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct.

Defendant unfairly and deceptively designed, manufactured, distributed, marketed, and sold its M&P 12 shotguns as free from defects in material and workmanships and fit for the ordinary purpose of a reliable firearm. (Complaint at ¶¶ 2–6.) However, Defendant's M&P 12

shotguns suffer from a design defect which causes their barrels to crack and puts their users at risk of serious harm. (Complaint at ¶¶ 4–6, 16–18.) Despite knowing that its M&P 12 shotguns are defectively designed, Defendant has not offered purchasers a refund and has merely offered to inspect the guns and repair them if the barrels are cracked (*Id.* at ¶¶ 6, 19–20.) Plaintiff and other customers would not have purchased Defendant's M&P 12 shotguns had they known that they suffered from a significant defect that made them unsafe to use and that Defendant would fail to notify them of the defect or offer a full refund for their purchase. (*Id.* at ¶ 42.)

On behalf of himself and all others similarly situated throughout the United States, Plaintiff seeks redress for damages and other relief arising from Defendant's wrongful conduct of manufacturing, marketing, distributing, and selling its M&P 12 shotguns that were falsely advertised and warranted as fit for their ordinary purpose and free from defects, when in fact such shotguns were defectively designed, rendering them unreasonably dangerous and unfit for their intended use.

### B.    The Proposed Class

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass defined as follows:

> The Class: All Persons in the United States who purchased a M&P 12 Shotgun manufactured prior to October 15, 2021.

> The Illinois Subclass: All persons who purchased a M&P 12 Shotgun prior to October 15, 2021, in the state of Illinois.

(Complaint at ¶ 27.) As explained below, the proposed Class and Subclass satisfy each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class

and Subclass can obtain appropriate redress for Defendant's unlawful conduct.

## III.   <u>ARGUMENT</u>

### A.     Standards for Class Certification.

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (internal quotation marks and citation omitted). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)     The class is so numerous that joinder of all members is impracticable.
>
> (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)     The representative parties will fairly and adequately protect the interest of the class.
>
> (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class and Subclass, and the Court should therefore certify the proposed Class and Subclass.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.      The Numerosity Requirement is Satisfied.**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69

6

Ill.2d 320, 337 (1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges upon information and belief that there are at least thousands of members of the Class and Subclass. (Compl. at ¶ 29.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class and Subclass. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class and Subclass can be easily and objectively determined from Defendant's purchase records, the records of retailers who sold Defendant's firearms, and/or state firearm licensing records. Further, it would be completely impracticable to join the claims of the members of the Class and Subclass, because they are disbursed throughout the nation and throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.     Common Questions of Law and Fact Predominate.

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner*

*v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the members of the Class and Subclass arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether the M&P 12 shotguns are dangerously defective; whether the M&P 12 shotguns subject to the recall were fit for their intended purpose; whether the M&P 12 shotguns subject to the recall were merchantable at the time of sale; whether Defendant has been unjustly enriched by its conduct; whether Defendant's relief offered in the form of an inspection is an adequate remedy for the M&P 12 shotguns; whether Defendant made fraudulent, false, deceptive, and/or misleading statements in connection with the manufacturing, testing, marketing, distribution and/or sale of the M&P 12 shotguns; whether Defendant knew or should have known that the M&P 12 shotguns subject to the recall contained a design defect prior to their sale; whether Defendant's conduct violates public policy; and whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitution, and/or injunctive relief or other remedies, and if so, the nature of such remedies. (Compl. at ¶ 31.)

As alleged, and as will be shown through discovery, Defendant engaged in a common course of conduct with regards to unfairly manufacturing, distributing, marketing and selling its defectively designed M&P 12 shotguns. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D. Adequate Representation.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and

adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class and Subclass. Plaintiff has alleged that, like the other members of the Class and Subclass, he was subjected to Defendant's unlawful practice of manufacturing, marketing, distributing, and selling its M&P 12 shotguns that were falsely advertised and warranted as fit for their ordinary purpose and free from defects. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class and Subclass. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class and Subclass, thus satisfying Section 2-801(3).

### E. Fair and Efficient Adjudication of the Controversy.

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other

ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving small consumer transactions, which can involve significant injury to those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class and Subclass is necessary to ensure that Defendant's conduct becomes compliant with Illinois law, including the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, along with other materially identical state and nationwide consumer fraud statutes, to ensure that the Class and Subclass members' rights are sufficiently protected, and to compensate those individuals who have had their statutorily and common law

protected rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class and Subclass members would be able to obtain redress, or that Defendant would willingly implement the relief sought by Plaintiff and the Class and Subclass. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class and Subclass, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable and just. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: January 14, 2022        Respectfully Submitted,

QUINTEL STALLWORTH, individually and on behalf of a class of similarly situated individuals

By: /s/ Eugene Y. Turin
*One of Plaintiff's Attorneys*

Eugene Y. Turin
Chandne Jawanda
Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cjawanda@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 14, 2022, a copy of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery was sent to Defendant's Registered Agent by way of first class mail by depositing the same in a United States Mailbox.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.